An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-813
NORTH CAROLINA COURT OF APPEALS

Filed:  4 March 2014

STATE OF NORTH CAROLINA


v.                                Catawba County
                                  No. 12 CRS 3753
TAJI SHAREEF HAQQ


Appeal by defendant from judgments entered 1 April 2013 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Donna B. Wojcik, for the State.*

> *Russell J. Hollers III, for defendant-appellant.*


CALABRIA, Judge.


Taji Shareef Haqq ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of trafficking in cocaine by sale and trafficking in cocaine by possession. We find no prejudicial error.

On 27 July 2011, Investigator Jonathan Dunigan ("Investigator Dunigan") of the Lincoln County Sheriff's Office

("LCSO") arranged a drug transaction with defendant via telephone. Subsequently, Investigator Dunigan and LCSO Investigator Mauricio Sing ("Investigator Sing") met with Investigator Chad Killian of the Catawba County Sheriff's Office and received $1,500 to purchase cocaine from defendant. They then drove in an undercover vehicle to defendant's residence in Catawba County to conduct the transaction.

When the officers arrived at the residence, defendant approached their vehicle and informed Investigator Dunigan, with whom he had previously conducted drug transactions, that he was waiting for the drugs to arrive. A few minutes later, Investigator Sing handed defendant the $1,500 and defendant retrieved approximately 35.7 grams of cocaine and gave it to Investigator Dunigan. The officers then left defendant's residence.

On 19 March 2012, defendant was indicted for trafficking in cocaine by sale, trafficking in cocaine by transportation, trafficking in cocaine by possession and possession with intent to sell or deliver ("PWISD") cocaine based upon the 27 July 2011 transaction. Beginning 25 March 2013, defendant was tried by a jury in Catawba County Superior Court. After the jury was impaneled, the trial court instructed the jurors to rely upon

their own memories of the evidence because they would be unable to view video or transcripts of any witness testimony during the trial.

At the close of all the evidence, the State voluntarily dismissed the PWISD cocaine charge. On 1 April 2013, the jury returned verdicts finding defendant guilty of trafficking in cocaine by sale and trafficking in cocaine by possession. The jury found defendant not guilty of trafficking in cocaine by transportation. The trial court sentenced defendant to two consecutive sentences of a minimum of 35 months to a maximum of 42 months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by informing the jury prior to trial that it would be unable to view transcripts of the trial during deliberations. We agree, but find that the error was not prejudicial.

N.C. Gen. Stat. § 15A-1233(a) states:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may

> also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2013). "Our Supreme Court has held that it is error for the trial court to refuse to exercise its discretion pursuant to this statute 'upon the ground that the trial court has no power to grant the motion in its discretion.'" *State v. Johnson*, 164 N.C. App. 1, 18-19, 595 S.E.2d 176, 186 (2004) (quoting *State v. Barrow*, 350 N.C. 640, 646, 517 S.E.2d 374, 378 (1999)). As our Supreme Court explained in *State v. Ashe*, the trial court always has the discretion to allow the jury to review testimony by utilizing the following procedure: "The usual method of reviewing testimony before a transcript has been prepared is to let the court reporter read to the jury his or her notes under the supervision of the trial court and in the presence of all parties." 314 N.C. 28, 35 n.6, 331 S.E.2d 652, 657 n.6 (1985).

In *Johnson*, the trial court instructed the jury prior to trial that "[t]here is no transcript to bring back there. She might get one typed in a month. ... So, we don't have anything that can bring it back there to you." 164 N.C. App. at 19, 595 S.E.2d at 187 (emphasis omitted). This Court held that the

trial court erred by informing the jury prior to trial that it was not possible to provide a transcript:

> While the statute refers solely to requests made by the jury for review of certain testimony or evidence, we nonetheless find that the purpose and intent of the statute are violated in this case since the trial court's pretrial comments could have foreclosed the jury from making a request for such testimony or evidence. Thus, we find error even without a request by the jury.

*Id*. at 20, 595 S.E.2d at 187.

In the instant case, the trial court instructed the jury prior to trial that "[w]e don't do videotapes of witnesses after the trial is over. We don't do transcripts of the witnesses after the trial's over simply because it takes about four, five, six weeks to get a transcript. So you're going to be required, in all probability, to rely on your memory." This statement by the trial court cannot be materially distinguished from the statement held to be erroneous in *Johnson*. Accordingly, the trial court violated N.C. Gen. Stat. § 15A-1233(a) when it informed the jury prior to trial that it would be unable to review transcripts of witness testimony.

Nevertheless, defendant is only entitled to relief if the trial court's erroneous instruction was prejudicial. Defendant bears the burden of proving that "there is a reasonable

possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." N.C. Gen. Stat. § 15A-1443(a) (2013).

"It is only prejudicial error to deny the jury an opportunity to ask to review certain testimony or evidence where the defendant can show that (1) such testimony or evidence involved issues of some confusion and contradiction, and (2) it is likely that a jury would want to review such testimony." *Johnson*, 164 N.C. App. at 20, 595 S.E.2d at 187 (internal quotations and citation omitted). In the instant case, defendant was convicted of trafficking in cocaine by sale and trafficking in cocaine by possession based upon his transaction with Investigator Dunigan and Investigator Sing on 27 July 2011. Defendant does not point to any contradictions or confusion in the evidence regarding the substance of these two offenses. Instead, he points out that (1) audio and video recording devices worn by the officers failed to operate during the 27 July 2011 transaction; and (2) that there was no evidence that law enforcement recovered the exact $1,500 provided to defendant in exchange for the cocaine. These ancillary issues do not create any confusion regarding whether defendant was guilty of trafficking.

Both Investigator Dunigan and Investigator Sing testified that they met with defendant on 27 July 2011. At this meeting, they provided him with $1,500 in exchange for approximately 35.7 grams of cocaine. Moreover, the investigators' testimony was not contradicted by any other witness or evidence at trial. In light of this unchallenged testimony, defendant has failed to demonstrate a reasonable possibility that, had the trial court not erred, a different result would have been reached at the trial. This argument is overruled.

Defendant received a fair trial, free from prejudicial error.

No prejudicial error.

Judges BRYANT and GEER concur.

Report per Rule 30(e).